■ MICHAEL SIPALA et al., Respondents, v. TOWN OF HUNTINGTON et al., Appellants.— In an action to recover damages for injury to real and personal property because of the alleged negligence of the defendants in the design and construction of a sump and its appurtenances, as a result of which plaintiffs' land was flooded, each defendant appeals from a judgment of the Supreme Court, Suffolk County, entered May 28, 1962 after trial upon a jury's verdict, as reduced by the trial court, in favor of plaintiffs. Judgment modified on the law and the facts: (1) by striking out the provision directing recovery by the plaintiffs against the Town of Huntington, and (2) by substituting therefor a provision directing dismissal of the plaintiffs' complaint as against the town. As so modified, the judgment is affirmed, with costs to plaintiffs against the defendant Casfeld Homes, Inc., and with costs to the town against the plaintiffs. With respect to the defendant town, findings of fact contained in the jury's verdict and in the jury's answers to the special interrogatories, insofar as such findings may be inconsistent herewith, are reversed. In our opinion, there was a complete absence of proof: (1) that the specifications for the drainage of subdivision sites, promulgated by defendant town, were adopted by it without adequate study or lacked reasonable basis; or (2) that the town's employees affirmatively supervised and directed the installation of the sump in an improper and defective manner. Under such circumstances, the town is not liable for plaintiffs' damages (cf. *Weiss* v. *Fote,* 7 N Y 2d 579; *Shaw* v. *Village of Hempstead,* 11 A D 2d 789). The evidence, however, presented a question of fact as to whether the sump was negligently constructed by defendant Casfeld Homes, Inc., the owner of the property on which it was located; and in our opinion the record supports the findings of the jury on that issue (cf. *Daly* v. *State of New York,* 226 App. Div. 154). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.